IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL WAYNE JOHNSON § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-06-CV-1746-L |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Wayne Johnson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1980 and 1981, petitioner was tried and convicted on two charges of aggravated rape. Punishment in the first case was assessed at 99 years confinement. Petitioner was sentenced to 40 years confinement in the second case. The first conviction was affirmed on direct appeal and state collateral review. *Johnson v. State*, 651 S.W.2d 434 (Tex. App.--Dallas 1983, no pet.); *Ex parte Johnson*, No. 17,008-01 (Tex. Crim. App. Nov. 12, 1987);[1] *Ex parte Johnson*, No. 17,008-03 (Tex. Crim. App. Feb. 8, 1995); *Ex parte Johnson*, No. 17,008-04 (Tex. Crim. App. May 23, 2001); *Ex parte Johnson*, No. 17,008-05 (Tex. Crim. App. Jun. 18, 2003); *Ex parte Johnson*, No. 17,008-10

---

[1] The Texas Court of Criminal Appeals granted partial habeas relief by deleting the deadly weapon finding in the judgment. In all other respects, petitioner's state writ was denied.

(Tex. Crim. App. Jun. 28, 2006). Petitioner did not appeal his second conviction, but filed multiple applications for state post-conviction relief. One application was denied without written order. *Ex parte Johnson*, No. 17,008-02 (Tex. Crim. App. Nov. 12, 1987). Two other applications were dismissed as successive. *Ex parte Johnson*, No. 17,008-06 (Tex. Crim. App. Sept. 3, 2003); *Ex parte Johnson*, No. 17,008-09 (Tex. Crim. App. Jun. 28, 2006). Petitioner then filed this action in federal district court.

II.

Petitioner challenges both aggravated rape convictions on identical grounds. In three grounds for relief, petitioner contends that: (1) the prosecutor systematically excluded all African-Americans from jury service pursuant to an unconstitutional policy, custom, or practice of the Dallas County District Attorney's Office; (2) the author of the manual used by the prosecutor as a guide for striking African-American jurors, Jon Sparling, served as judge on his direct appeal; and (3) his convictions were based on conduct that was not criminal in nature when the offenses were committed.

By order dated September 27, 2006, the court *sua sponte* questioned whether this case was time-barred. Petitioner addressed the limitations issue in a written reply filed on October 16, 2006. The court now determines that the habeas petition should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

>   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).  This period is tolled while a properly filed application for state post-conviction relief or other collateral review is pending.  *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996.  *See Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997).  However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief.  *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999).  The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

                                         B.

Petitioner's aggravated rape convictions became final for limitations purposes on April 24, 1996--the date the AEDPA became effective.  *See Flores*, 135 F.3d at 1005.  Yet petitioner did not return to state court to seek post-conviction relief with respect to his first conviction until March 19, 2001--nearly *five years* later.  Petitioner waited until February 17, 2003, almost *seven years* after the AEDPA became effective, before filing another state writ challenging his second conviction.  In an attempt to salvage his claims, petitioner argues that the AEDPA statute of limitations did not begin

to run until June 13, 2005, the date the United States Supreme Court decided *Miller-El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 296 (2005). According to petitioner, *Miller-El* created a new rule of constitutional law regarding the discriminatory jury selection practices of the Dallas County District Attorney's Office.[2] However, *Miller-El* did not create a new rule of constitutional law. Rather, it applied the rule set out in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which was decided *10 years* before the AEDPA became effective. *See Baltzgar v. Quarterman*, Nos. 3-06-CV-557-P & 3-06-CV-940-P, 2006 WL 2336941 at *2 (N.D. Tex. Aug. 10, 2006). Therefore, petitioner may not rely on 28 U.S.C. § 2244(d)(1)(C).

Nor is petitioner entitled to equitable tolling based on his argument that he is actually innocent. Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations. *See, e.g. See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Fites v. Quarterman*, No. 3-06-CV-0559-M, 2006 WL 2356017 (N.D. Tex. Aug. 15, 2006); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *2 (N.D. Tex. Jan. 11, 2006); *Mason v. Cockrell*, No. 3-03-CV-0483-H, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003). Without a basis for statutory or equitable tolling of the AEDPA limitations period, petitioner's claims are time-barred and should be dismissed.

---

[2] In *Miller-El*, the Supreme Court reversed a Dallas County capital murder conviction and death sentence because the prosecutor used his peremptory challenges to exclude African-Americans from jury service based on their race. The majority opinion was particularly critical of an article written by former Assistant District Attorney Jon Sparling, who later became a state appeals court judge, which outlined the reasons for striking minorities from juries. *See Miller-El*, 125 S.Ct. at 2339. The article was part of a manual distributed to prosecutors, including the prosecutors who tried *Miller-El*. *Id.* at 2340.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 23, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE